1

2

3

4

5

6

7

8

THE HONORABLE JOHN C. COUGHENOUR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**IN SEATTLE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

RUSHFORTH CONSTRUCTION CO.,
INC. d/b/a AP | RUSHFORTH, a
Washington corporation

                Plaintiff,

    v.

ARCH SPECIALTY INSURANCE
COMPANY, a foreign insurance company;
ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY, a foreign
insurance company; SCOTTSDALE
INSURANCE COMPANY, a foreign
insurance company; JAMES RIVER
INSURANCE COMPANY, a foreign
insurance company; SENECA
SPECIALTY INSURANCE COMPANY,
a foreign insurance company; GEMINI
INSURANCE COMPANY, a foreign
insurance company; UNITED
SPECIALTY INSURANCE COMPANY,
a foreign insurance company; MITSUI
SUMITOMO INSURANCE COMPANY
OF AMERICA, a foreign insurance
company; OHIO SECURITY
INSURANCE COMPANY, a foreign
insurance company; THE OHIO
CASUALTY INSURANCE COMPANY, a

No. 2:17-cv-01063-JCC

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND
UNITED SPECIALTY INSURANCE
COMPANY

**NOTE ON MOTION CALENDAR:**
**MARCH 2, 2018**

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 1

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  foreign insurance company; NEW
HAMPSHIRE INSURANCE COMPANY,
2  a foreign insurance company; WESCO
INSURANCE COMPANY, a foreign
3  insurance company,

4                              Defendants.

## I.      INTRODUCTION & RELIEF REQUESTED

5

6        This is an insurance coverage and bad faith dispute.  Plaintiff Rushforth Construction

7  Co. is a general contractor that performed construction work on a multi-building, mixed use

8  project located in Bellevue called Lake Hills Village (the "Project").  Rushforth qualifies as

9  an additional insured under commercial general liability insurance policies issued by

10  Defendants Wesco and USIC to two of Rushforth's subcontractors on the Project.

11        In October 2015, the owner of the Project sued Rushforth, alleging various

12  construction defects at the Project (the "Underlying Action").  Rushforth tendered the lawsuit

13  to Wesco and USIC in July 2016, seeking a defense and indemnity against the Project owner's

14  claims.

15        Wesco acknowledged receipt of Rushforth's tender, but neither defended nor

16  explained to Rushforth why a defense wasn't owed.  Instead, Wesco fell silent for more than

17  a year with no further communication.

18        USIC, on the other hand, never acknowledged or responded to Rushforth's tender at

19  all.  Like Wesco, USIC didn't defend Rushforth.  Nor did it explain why it wouldn't provide

20  a defense.

21        Over the next year, Wesco and USIC each received four additional letters requesting a

22  coverage decision.  Neither responded.  Rushforth filed this lawsuit in July 2017.  Less than

23  two weeks later, Wesco offered (for the first time) to defend Rushforth.  USIC followed suit

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 2

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1    three months later.  Rushforth took the position that USIC and Wesco were in breach of their

2    respective insurance contracts, rejected the belated attempts to defend as untimely, and

3    reserved all rights and claims in this lawsuit.

4         Both insurers concede that they owed Rushforth a defense, but both failed to accept

5    that defense for over a year.  And even then, Wesco and USIC only offered to defend Rushforth

6    after they were sued (and after failing to respond to multiple requests for a coverage position).

7    These actions are textbook bad faith, violate Washington's insurance claims-handling

8    regulations, and caused harm to Rushforth.  Rushforth therefore respectfully requests an order

9    that: (1) Wesco and USIC each owed Rushforth a duty to defend; (2) Wesco and USIC

10   unreasonably breached their duties to defend; and (3) Wesco and USIC cannot cure their

11   breach or bad faith conduct by forcing Rushforth to accept a belated defense.

12                        II.   **STATEMENT OF FACTS**

13   **A.     THE LAKE HILLS VILLAGE PROJECT**

14        In February 2013, Rushforth entered into a construction agreement with Lake Hills

15   Investments LLC ("Lake Hills"), through which Rushforth agreed to serve as the general

16   contractor for several phases of the Project.  *Dkt. 72* at ¶ 3.  Rushforth, in turn, contracted with

17   several subcontractors, including Sound Glass Sales, Inc. and Lizard Waterproofing.  *Dkt. 72,*

18   *Ex. A-B.*  Sound Glass agreed to supply and install portions of the Project's building envelope,

19   including the storefronts of several buildings.  *Dkt. 72, Ex. A.*  Lizard agreed to perform

20   waterproofing work at the concrete decks, elevator pits, and other areas of the Project.  *Dkt.*

21   *72, Ex. B.*

22

23

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 3

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1       On October 28, 2015, Lake Hills filed the Underlying Action against Rushforth.[1]  Lake

2  Hills alleged damage to, and defects at, the Project, including "breaches of water in building

3  envelopes, elevator shafts and pits, the Phase 5A deck extension, and the garage."  *Dkt. 72,*

4  *Ex. C.*

5  **B.    THE POLICIES**

6       Wesco issued liability insurance to Sound Glass, including policy numbers

7  WPP126477600 and WPP126477601, covering consecutive policy periods from May 1, 2015

8  through May 1, 2017 (the "Wesco Policies").  *Dkt. 72, Ex. D.*[2]  USIC issued liability insurance

9  to Lizard, policy number BTO-1316248, covering the policy period of August 7, 2013 to

10  August 7, 2014 (the "USIC Policy").  *Dkt. 72, Ex. E.*

11      In these policies, Wesco and USIC promised to defend and indemnify their respective

12  insureds, including additional insureds, against claims alleging "property damage":

13       We will pay those sums that the insured becomes legally obligated to pay as
         damages because of . . . "property damage" to which this insurance applies.
14       *We will have the right and duty to defend the insured against any "suit" seeking
         those damages.*

15  *Dkt. 72, Ex. D at 3; Ex. E at 2* (emphasis added).  The Policies go on to define "property

16  damage" to mean "[p]hysical injury to tangible property."  *Dkt. 72, Ex. D at 4; Ex. E at 4.*

17  "Property damage" is covered if it is caused by an "occurrence" during the policy period.  *Dkt.*

18  *72, Ex. D at 4; Ex. E at 4.*  "Occurrence" is defined as "an accident, including continuous or

19  repeated exposure to substantially the same general harmful conditions."  *Dkt. 72, Ex. D at 4;*

20  *Ex. E at 3.*

21

22  [1]   Lake Hills filed an Amended Complaint on June 20, 2016.  *Dkt. 72, Ex. C.*

    [2]   Rushforth is providing a copy of the 2015 Wesco Policy as representative of the both Wesco policies.  The
23        Wesco policies do not differ materially for purposes of this motion.

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

The Wesco and USIC policies contain Additional Insured endorsements. *Dkt. 72, Ex. D* at 5-7; *Ex. E* at 5-6. Those endorsements provide that a person or entity is an additional insured if required by "written contract" and apply to liability for "'property damage' caused, in whole or in part, by" the named insured's work. *Id.* The Insurance Addendum to the Sound Glass and Lizard subcontracts provide that Rushforth "shall be named as primary additional insureds . . . with respect to work performed by or for the Subcontractor or on behalf of the Contractor." *Dkt. 72, Exs. A-B*.

## C. WESCO FAILS TO RESPOND TO RUSHFORTH'S REQUEST FOR INSURANCE BENEFITS

On July 1, 2016, Rushforth tendered the Underlying Action to Wesco. *Dkt. 73, Ex. A.* Wesco, through its third-party claims administrator, acknowledged receipt of that claim. *Dkt. 73* at ¶ 4. Over the next two months, Wesco requested (and Rushforth provided) additional documents and information. *Id.* By September 1, Wesco had concluded that it owed Rushforth a defense. *Dkt. 74, Ex. A.* But Wesco never told Rushforth that.

Worse yet, Wesco's claim file shows that Wesco was consistently aware that it owed Rushforth a coverage position. But Wesco choose to ignore that obligation:

- September 1, 2016 – Claims adjuster Pete Harris concluded that "[t]here are no endorsements in the policy to defeat coverage under the Blanket Ai [sic] endorsement." Mr. Harris drafts a reservation of rights letter. *Dkt. 74, Ex. A.*

- September 23, 2016 – The draft reservation of rights letter is sent to Claims Manager, Daniel Barta. Mr. Barta is asked to "review ROR for approval and issuance." *Dkt. 74, Ex. A.* Wesco does not send the ROR letter.

- November 11, 2016 – Wesco receives a letter requesting a coverage position and stating that Rushforth has "yet to receive a substantive response from Wesco to the additional insured tender. As such, we solicit your soonest additional insured coverage position." *Dkt. 74, Ex. B.* Mr. Harris forwards the letter to Mr. Barta and writes: "It is not clear if you approved the [ROR letter]. Would you please let me

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS WESCO INSURANCE COMPANY AND UNITED SPECIALTY INSURANCE COMPANY - 5

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

know and if not please approve." *Dkt. 74*, *Ex. A*.  Wesco does not send the ROR letter.

- January 18, 2017 – Wesco receives another letter requesting a coverage position. Mr. Harris emails Mr. Barta again:  "Please approve this AI ROR ASAP as the AI atty is asking about it again.  Letter goes back to Sept. 16." *Dkt. 74*, *Ex. A*.  Wesco does not send the ROR letter.

- March 7, 2017 – Wesco receives another letter requesting a coverage position.  Mr. Harris emails Mr. Barta again:  "They are again asking for our response.  Please see below and attached and please process ASAP." *Dkt. 74*, *Ex. A*.  Wesco does not send the ROR letter.

- May 24, 2017 – Wesco receives another letter requesting a coverage position. *Dkt. 74*, *Ex. C*.  Wesco does not send the ROR letter.

Rushforth filed this lawsuit on July 13, 2017. *Dkt. 1*.  On July 26, Wesco finally mailed the reservation of rights letter it had drafted nearly a year earlier. *Dkt. 73*, *Ex. B*.  Wesco conceded that it owed—and offered to provide—Rushforth a defense for the Underlying Action. *Id*.  Rushforth rejected Wesco's proffered defense as untimely:

> Wesco's offer to accept its duty to defend AP Rushforth came only after Wesco had been served with the coverage lawsuit.  AP Rushforth rejects Wesco's proffered defense as untimely and in bad faith.  AP Rushforth reserves its right to pursue all claims against Wesco, including its breach of contract and bad faith claims.

*Dkt. 74*, *Ex. D*.

## D.   USIC FAILS TO RESPOND TO RUSHFORTH'S REQUEST FOR INSURANCE BENEFITS

On July 12, 2016, Rushforth tendered the Underlying Action to USIC. *Dkt. 73*, *Ex. C*.  USIC didn't respond. *Dkt. 73* at ¶ 6.  Letters requesting USIC's coverage position were sent on November 11, 2016; January 17, 2017; March 7, 2017; and May 24, 2017. *Dkt. 74*, *Ex. E*.  Rushforth never received a response to any of those letters. *Dkt. 73* at ¶ 7.

After 15 months of silence (and three months after it was sued) Rushforth finally received a purported reservation of rights letter from USIC. *Dkt. 73*, *Ex. D*.  USIC agreed to

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1    defend Rushforth in the Underlying Action.  USIC also claimed that its letter was "intended

2    as a follow-up" to an earlier letter dated August 16, 2016.  *Id.*  But Rushforth never received

3    that letter.  *Dkt. 73* at ¶ 6.  Moreover, all four letters sent to USIC requesting a coverage

4    position explained that Rushforth had "yet to receive a response from USIC to the additional

5    insured tender."  *Dkt. 74*, *Ex. E*.  To Rushforth's knowledge, USIC never responded to those

6    letters, nor did it forward the purported "August 16, 2016" letter.  *Dkt. 73* at ¶ 7.

7           On November 7, 2017, Rushforth rejected USIC's proffered defense as untimely.  *Dkt.*

8    *74*, *Ex. F*.

9                        III.    <u>STATEMENT OF ISSUES</u>

10          The issues presented are (1) whether Wesco and USIC owed and breached their

11   respective duties to defend Rushforth; (2) whether those breaches were unreasonable and

12   therefore in bad faith; and (3) whether Wesco and USIC can "cure" their breach by offering

13   Rushforth a defense after breach has occurred and where Rushforth rejected the belated offer

14   to defend.

15                       IV.    <u>EVIDENCE RELIED UPON</u>

16          This motion is based on the pleadings and other papers previously filed in this lawsuit,

17   together with the second declaration of Brenna Mann.

18                            V.    <u>ARGUMENT</u>

19   **A.    WESCO AND USIC OWED RUSHFORTH A DUTY TO DEFEND**

20          The Wesco and USIC policies provide that an entity is an additional insured if required

21   by "written contract."  *Dkt. 72*, *Ex. D* at 5-7; *Ex. E* at 5-6.  The subcontracts between Rushforth

22   and Wesco's and USIC's named insureds—Sound Glass and Lizard—provide that Rushforth

23

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 7

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1    "shall be named" as a primary additional insured.  *Dkt. 72*, *Exs. A-B*.  Thus, Rushforth is an

2    additional insured under the Wesco and USIC policies.

3          In Washington "the duty to defend is different from and broader than the duty to

4    indemnify."  Am. Best Food, Inc. v. Alea London, Ltd., 229 P.3d 693, 696 (Wash. 2010).  An

5    insurer's "duty to defend arises based on the insured's *potential* for liability and whether

6    allegations in the complaint *could conceivably* impose liability on the insured."  Woo v.

7    Fireman's Fund Ins. Co., 164 P.3d 454, 463 (Wash. 2007) (emphasis in original).

8          The allegations in the complaint must be liberally construed in favor of coverage.

9    Truck Ins. Exch. v. Vanport Homes, Inc., 58 P.3d 276, 281–82 (Wash. 2002); R. A. Hanson

10   Co. v. Aetna Ins. Co., 612 P.2d 456, 459 (Wash. 1980) (requiring "liberal construction of the

11   pleadings to bring them within the scope of the insurer's obligation to defend").  Simply put,

12   "[a]n insurer must defend if the claim is *potentially* within the policy."  R.A. Hanson, 612 P.2d

13   at 459 (emphasis added); *see also* Kirk v. Mt. Airy Ins. Co., 951 P.2d 1124, 1126 (Wash. 1998)

14   (insurer must defend suit "alleging facts and circumstances arguably covered by the policy").

15         "[I]f it is not clear from the face of the complaint that the policy provides coverage,

16   but coverage could exist, the insurer *must* investigate and give the insured the benefit of the

17   doubt that the insurer has a duty to defend."  Woo, 164 P.3d at 459 (emphasis in original).

18   "The insurer may not rely on facts extrinsic to the complaint to deny the duty to defend—it

19   may do so only to trigger the duty."  Woo, 164 P.3d at 459.  "Again, if there is any reasonable

20   interpretation of the facts or the law that could result in coverage, the insurer must defend."

21   Am. Best Food, 229 P.3d at 700.

22

23

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 8

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1    The Underlying Action alleges that Rushforth is liable for damage arising from work

2    performed by Wesco's and USIC's named insureds, including water intrusion at the building

3    envelopes (Sound Glass), as well as the elevator pits, deck extension, garage, and other

4    locations (Lizard).  *Dkt. 72*, *Ex. C*.  Both Wesco and USIC have conceded—albeit more than

5    a year after receiving Rushforth's claim—that these allegations trigger their respective duties

6    to defend.  *See Dkt. 73*, *Ex. B* ("Wesco agrees to provide Rushforth a defense");  *Dkt. 73*, *Ex.*

7    *D* ("United Specialty agrees to join in the defense of Rushforth in regard to the allegations

8    made by Lake Hills . . . in the [Underlying Action].").  Thus, whether Wesco and USIC owe

9    a duty to defend is not in dispute.

10   **B.    WESCO AND USIC BREACHED THEIR RESPECTIVE DUTIES TO
          DEFEND**

11   "In Washington, the duty to defend arises upon the filing of a covered complaint."

12   Griffin v. Allstate Ins. Co., 29 P.3d 777, 781 (Wash. Ct. App. 2001).  An insurer breaches its

13   duty to defend when it fails to provide a ***timely*** defense.[3]  This is true even if the insurer later

14   offers to provide a defense.  *See, e.g.*, Ledcor Industries (USA), Inc. v. Mut. of Enumclaw Ins.

15   Co., 206 P.3d 1255, 1260 (Wash. Ct. App. 2009) (finding a breach of the duty to defend where

16   insurer accepted tender 14 months after receipt); Jaco Envtl., Inc. v. Am. Intern. Specialty

17   Lines Ins. Co., 2:09-CV-0145JLR, 2009 WL 1591340, at *6 (W.D. Wash. May 19, 2009)

18

19

20   [3]  *See, e.g.*, New Hampshire Indem. Co., Inc. v. Budget Rent-A-Car Systems, Inc., 64 P.3d 1239, 1243 (Wash.
     2003) ("The insured should not be left without a prompt and proper defense . . ."); Newmont USA Ltd. V.

21   Am. Home Assur. Co., 676 F. Supp. 2d 1146, 1158 (E.D. Wash. 2009) ("[O]nce triggered, an insured is
     entitled to a full and complete defense from every insurer having a duty to defend."); *see also* Kirby v.

22   Hartford Cas. Ins. Co., 2004 U.S. Dist. LEXIS 11736 (N.D. Texas, June 10, 2004) ("Hartford breached the
     policy by delaying after its duty to defend became reasonably certain."); McFarland v. First American Title

23   Ins. Co., 595 F. Supp. 630, 635 (D. Mont. 1984) (insurer breached its duty to defend "when it failed to
     assume [insured's] defense within a reasonable time after receiving notice").

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1   (insurer breached duty to defend by initially denying a defense notwithstanding subsequent

2   offer to defend).

3          Here, the Underlying Action was filed on October 28, 2015, and an Amended

4   Complaint was filed on June 20, 2016.  Thus, Wesco's and USIC's duty to defend Rushforth

5   arose no later than June 20, 2016.  Rushforth tendered the Underlying Action to Wesco and

6   USIC in July 2016.  *Dkt. 73, Ex. A, C*.  But Wesco and USIC made no attempt to accept their

7   admitted duties to defend—nor did they even respond to multiple requests for a coverage

8   decision—until July 26, 2017, and November 1, 2017, respectively.  *Dkt. 73, Ex. B, D*.

9          Offering a defense more than a year after receiving a tender is not "timely" under any

10  reasonable interpretation.  Wesco and USIC therefore breached their respective duties to

11  defend.

12  **C.   WESCO AND USIC BREACHED THEIR DUTIES TO DEFEND IN BAD
        FAITH**

13

14         An insurer that breaches its contractual duty to defend can also be liable for the tort of

15  bad faith.  *See, e.g.*, <u>Unigard Ins. Co. v. Mut. of Enumclaw Ins. Co.</u>, 250 P.3d 121, 125 (Wash.

16  Ct. App. 2011) ("An insurer is liable for the tort of bad faith if the insurer breaches its good

17  faith duty to defend.").  "[A]n insurance company's duty of good faith rises to an even higher

18  level than that of honesty and lawfulness of purpose toward its policyholder: an insurer must

19  deal fairly with an insured, giving equal consideration *in all matters* to the insured's interests."

20  <u>Tank v. State Farm Fire & Cas. Co.</u>, 715 P.2d 1133, 1136 (Wash. 1986) (citations omitted).

21  An insurer violates this duty to act "in good faith" when it "acts without reasonable

22  justification."  <u>Keller v. Allstate Ins. Co.</u>, 915 P.2d 1140, 1144 (Wash. Ct. App. 1996).  It

23  follows that "[a] denial of coverage that is unreasonable, frivolous, or unfounded constitutes

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 10

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  bad faith." <u>Wright v. Safeco Ins. Co. of America</u>, 109 P.3d 1, 9-10 (Wash. Ct. App. 2004).

2  The insurer's conduct need not be fraudulent or intentional to constitute bad faith. *See*

3  <u>Sharbono v. Universal Underwriters Ins. Co.</u>, 161 P.3d 406, 421 (Wash. Ct. App. 2007) ("An

4  insurer may breach its broad duty to act in good faith by conduct short of intentional bad faith

5  or fraud.").

6         Here, Wesco and USIC unreasonably breached their duties to defend, and therefore

7  acted in bad faith, by failing to provide a timely defense. *See, e.g.*, <u>Cedar Grove Composting,</u>

8  <u>Inc. v. Ironshore Specialty Ins. Co.</u>, No. C14-1443RAJ, 2015 WL 3473465, at *6 (W.D. Wash.

9  June 2, 2015) ("A refusal to pay a demand for coverage reasonably promptly is an

10 unreasonable denial of benefits, ***even if only temporary***.") (emphasis added).[4]  And Wesco

11 and USIC have offered no excuse to justify their delay.

12        Moreover, Wesco and USIC violated at least five provisions of Washington's "Unfair

13 Claims Settlement Practices Act," WAC 284-30-300 *et seq*., by failing to (1) take ***any***

14 coverage position for more than a year; (2) respond to Rushforth's communications relating

15 to coverage; and (3) promptly investigate Rushforth's claim.[5]  These "WAC" regulations were

16 _____

17 [4]  *See also* <u>Ledcor</u>, 206 P.3d at 1260 ("The only action MOE took on Ledcor's tender was to send an acceptance
   of tender and reservation of rights letter 14 months later. . . .  The court properly found MOE acted in bad
18 faith."); <u>Taladay v. Metro. Grp. Prop. & Cas. Ins. Co.</u>, No. C14-1290-JPD, 2016 WL 3681469, at *20 (W.D.
   Wash. July 6, 2016) ("Although MetLife never explicitly denied plaintiffs' requests for coverage, MetLife's
   unreasonable delay in payment and/or underpayment of various aspects of plaintiffs' claim violated IFCA.").

19 [5]  *See, e.g.*, WAC 284-30-330(2) ("Failing to acknowledge and act reasonably promptly upon communications
   with respect to claims arising under insurance policies"); WAC 284-30-330(3) ("Failing to adopt and
20 implement reasonable standards for the prompt investigation of claims arising under insurance policies");
   WAC 284-30-360(1) ("Within ten working days after receiving notification of a claim under an individual
21 insurance policy, or within fifteen working days with respect to claims arising under group insurance
   contracts, the insurer must acknowledge its receipt of the notice of claim"); WAC 284-30-360(3) ("For all
22 other pertinent communications from a claimant reasonably suggesting that a response is expected, an
   appropriate reply must be provided within ten working days for individual insurance policies"); WAC 284-
   30-370 ("Every insurer must complete its investigation of a claim within thirty days after notification of
23 claim.").

H<small>ARPER</small> | H<small>AYES</small> PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  promulgated by Washington's Insurance Commissioner to define the "specific acts and

2  practices which constitute a breach of an insurer's duty of good faith." Tank, 715 P.2d at

3  1136. A "[v]iolation of Washington's insurance regulations is evidence of bad faith." Seaway

4  Properties, LLC v. Fireman's Fund Ins. Co., 16 F. Supp. 3d 1240, 1253 (W.D. Wash. 2014).

5  Thus, Wesco and USIC also acted in bad faith through their multiple WAC violations.

6  **D.   WESCO'S AND USIC'S BREACHES CAUSED HARM TO RUSHFORTH**

7          Wesco and USIC claim that, because some of Rushforth's other insurers are providing

8  a defense, their breaches of the duty to defend didn't harm Rushforth.[6]   But this Court

9  previously rejected that argument and found that—even where another insurer is defending—

10 the failure to defend itself "constitutes damage" because the insured doesn't "receive the

11 benefit of the bargained-for exchange":

12          Greenwich essentially argues that it cannot be found to have breached its duty
            to defend because Harris received an adequate defense and was never billed for
13          the defense costs. The Court disagrees.

14          . . .  When Greenwich prematurely stopping paying for Harris' defense, Harris
            did not receive the benefit of the bargained-for exchange, which constitutes
15          damage.

16 Nat'l Union Fire Ins. Co. v. Greenwich Ins. Co., No. C07-2065-JCC, 2009 WL 272895, at *5

17 (W.D. Wash. Feb. 2, 2009).[7]  And anyway, Rushforth suffered harm in at least three additional

18 ways.

19 _____

20 [6]   If the Court finds that Wesco and USIC breached their duties in bad faith, then harm is presumed. Safeco
      Ins. Co. of Am. v. Butler, 823 P.2d 499, 504 (Wash. 1992) ("[W]e presume prejudice in any case in which
21    the insurer acted in bad faith."). Thus, Wesco and USIC would have the burden to prove the absence of
      prejudice. See Butler, 823 P.2d at 504 ("Presuming prejudice once the insured establishes bad faith shifts
      the burden to the insurer to prove its acts did not prejudice the insured.").

22 [7]   The Court also rejected the insurer's no harm, no foul argument. See id. ("Greenwich's 'no harm, no foul'
      argument is unsupportable as a matter of public policy and has already been rejected by the Washington
23    Supreme Court.").

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 12

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1      First, the defending insurers have repeatedly failed to pay for certain defense and

2   litigation costs.  *Dkt. 72* at ¶ 9.  This non-payment has significantly harmed Rushforth's

3   defense, including Rushforth's ability to meet case deadlines and properly prepare for certain

4   depositions.  *Id*.[8]  If Wesco and USIC had timely accepted their duties to defend, they would

5   have presumably met their defense obligations and ensured timely payment.  But Wesco and

6   USIC were not defending, didn't ensure payment, and Rushforth's defense position suffered

7   significant harm as a result.  *Id*.

8      Second, to prevent further harm to its defense, Rushforth has been forced to pay

9   defense and litigation costs that should have been paid by its insurers.  *Dkt. 72* at ¶ 10.

10   Rushforth paid one of its experts more than $22,000.  *Second Declaration of Brenna Mann in*

11   *Support of Plaintiff's Motion for Partial Summary Judgment* ¶ 3.  Rushforth also had to pay

12   third-party vendors (providing e-discovery support) nearly $20,000.  *Id*.  These payments

13   might have been unnecessary if Wesco and USIC were participating in the defense.  And even

14   if Rushforth is eventually reimbursed for these amounts, Rushforth will still have suffered

15   harm by the lost "time value" of the litigation costs it fronted.[9]

16      Finally, it is impossible to know how Rushforth's position in the Underlying Action

17   would be different had Wesco and USIC timely participated in the defense.  The damages

---

[8]   To avoid prejudice in the ongoing Underlying Action, Rushforth can only broadly describe the harm its defense has suffered.

[9]   *See, e.g.*, Liberty Mut. Ins. Co. v. Black & Decker, Inc., CIV.A.04-10648 DPW, 2004 WL 1941352, at *7 (D. Mass. Aug. 25, 2004) ("While Liberty Mutual eventually reimbursed the defense costs, it did not *timely* fulfill that obligation for all of the bills submitted.  That in itself constitutes a breach."); Hizer v. Gen. Motors Corp., Allison Gas Turbine Div., 888 F. Supp. 1453, 1459 (S.D. Ind. 1995) ("Given the time value of money, a material term of any obligation to pay money is the time the payment must be made."); Weidenhamer v. Expedia, Inc., No. C14-1239RAJ, 2015 WL 1292978, at *4 (W.D. Wash. Mar. 23, 2015) ("A 'full' refund is not 'full' compensation unless it comes with compensation for the lost time value of the money.").

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 13

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1    alleged in the Underlying Action have more than tripled since Rushforth tendered its claim to

2    Wesco and USIC.  *Dkt. 72* at ¶ 11.  If Wesco and USIC had accepted the defense at that time,

3    the Underlying Action—or at least the part of the case involving Wesco's and USIC's named

4    insureds—might have settled for far less than Rushforth's current liability exposure.   But

5    Wesco and USIC did not timely accept their duties to defend and, as the Washington Supreme

6    Court explained, "the course cannot be rerun":

> The course cannot be rerun, no amount of evidence will prove what might have
> occurred if a different route had been taken. By its own actions, [the insurer]
> irrevocably fixed the course of events concerning the lawsuit for the first 10
> months. Of necessity, this establishes prejudice.

Butler, 823 P.2d at 504 (quoting Transamerica Ins. Group v. Chubb & Son, Inc. 554 P.2d

1080, 1083 (Wash. Ct. App. 1976).  While Wesco's and USIC's actions already "irrevocably

fixed the course of events," one thing is for certain: Rushforth continues to face risk and

uncertainty in the Underlying Action.

## E.    WESCO AND USIC ARE NOT ENTITLTED TO "CURE" THEIR BREACHES

It is a basic contract principle that once one party materially breaches a contract, it

excuses the other party's performance.  *See* Colorado Structures, Inc. v. Ins. Co. of the West,

167 P.3d 1125, 1131 (Wash. 2007) ("If the breach is 'material,' the promisee . . . may treat the

breach as a failure of a condition that excuses further performance."); *see also* Weyerhaeuser

Co. v. Com. Union Ins. Co., 15 P.3d 115, 122 (Wash. 2000) ("In Washington, insurance

policies are construed as contracts.").  A breach is "material" when it "substantially defeats

the purpose of the contract."  Park Ave. Condo. Owners Ass'n v. Buchan Developments,

L.L.C., 71 P.3d 692, 698 (Wash. App. Div. 1 2003) (*citing* 6A Washington Pattern Jury

Instructions: Civil 302.03, at 127 (1997)).

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 14

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

"The insurer's duty to defend the insured is one of the main benefits of the insurance contract." Safeco Ins. Co. of Am. v. Butler, 823 P.2d 499, 504 (Wash. 1992). Thus, Wesco and USIC deprived Rushforth of one of the main benefits of the policies—and therefore materially breached those policies—by unreasonably failing to defend (let alone respond to Rushforth's claim). As a result, Rushforth is excused from any performance owed under the Policies, including any purported obligation to accept Wesco's and USIC's belated offers to defend:

> Once an insurer wrongfully denies coverage and refuses to defend, the insured will no longer be obligated to comply with his or her own obligations under the policy . . . . *The insured . . . having no duty to reinstate the contract following the insurer's material breach, should rarely allow the insurer to assume the defense after it has initially refused to do so*.

1 Allan D. Windt., INSURANCE CLAIMS & DISPUTES, § 4:9 at 318 (4th ed. 2001) (emphasis added); *see also* BellSouth Telecomms., Inc. v. Church & Tower of Fla., Inc., 930 So. 2d 668, 671-72 (Fla. Dist. Ct. App. 3d Dist. 2006) ("Liberty asserts that, while it wrongfully refused to defend, because it now accepts that duty without a reservation of rights, BellSouth has an obligation to accept its defense. . . . We disagree. . . . We conclude that, under the circumstances presented herein, Liberty has forfeited its right to defend BellSouth in its litigation with Trujillo and FP&L."); Witt v. Universal Automobile Ins. Co., 116 S.W.2d 1095, 1098 (Tex. Civ. App. 1938) (insurer's wrongful refusal to defend resulted in waiver of "its right to defend the suit, such right was *lost forever and could not be reclaimed* or recaptured by the company without the insured's consent . . . .") (emphasis added).

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 15

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1

## VI.   <u>CONCLUSION</u>

2        For the foregoing reasons, Rushforth respectfully requests an order that Wesco and

3   USIC owed and breached their respective duties to defend Rushforth in the Underlying Action,

4   that those breaches were in bad faith, and that Wesco and USIC cannot cure their breaches and

5   bad faith by offering Rushforth a belated defense.

6        DATED this 8th day of February, 2018.

7                                   HARPER | HAYES PLLC

8                                   By:/s/ *Gregory L. Harper*
                                        Gregory L. Harper, WSBA No. 27311
9                                       /s/ *Thomas M. Williams*
                                        Thomas M. Williams, WSBA No. 47654
10                                      **Telephone**:  (206) 340-8010
                                        **Fax**:        (206) 260-2852
11                                      **Email**:      greg@harperhayes.com
                                                        twilliams@harperhayes.com
12                                      Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS WESCO
INSURANCE COMPANY AND UNITED SPECIALTY
INSURANCE COMPANY - 16

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1

## CERTIFICATE OF SERVICE

2      The undersigned certifies under penalty of perjury under the laws of the United States that on
the below date I served this document on the following parties and counsel of record in the manner
indicated:

3

4  **Attorneys for James River Insurance Co.**          **Attorneys for Ohio Security Insurance Co. and The Ohio Casualty Insurance Co.**

5  Kara R. Masters                                       John M. Silk
   Jerry Moberg                                          Lisa C. Neal
   Jerry Moberg & Associates, P.S.                       Wilson Smith Cochran & Dickerson
6  P.O. Box 130                                          901 Fifth Ave. Suite 1700
   Ephrata, WA 98823                                     Seattle, WA 98164

7  ☒  Via USDC CM-ECF system                             ☒  Via USDC CM-ECF system
   ☐  Via U.S. Mail                                      ☐  Via U.S. Mail
8  ☐  Via Messenger                                      ☐  Via Messenger
   ☐  Via email: kmasters@jmlawps.com                    ☐  Via email: silk@wscd.com
9  ☐  Via email: jmoberg@jmlawps.com                     ☒  Via email: l.neal@wscd.com

10 **Attorneys for United Specialty Insurance Co.**       **Attorneys for New Hampshire Insurance Company**

11

12 Jonathan Dirk Holt                                    Steven D. Jensen
   Miles Stewart                                         Gabriel Baker
   Scheer Law Group LLP                                  Jensen Morse Baker PLLC
13 701 Pike Street, Suite 2200                           216 1st Avenue South, Suite 204
   Seattle, WA 98101                                     Seattle, WA 98104

14 ☒  Via USDC CM-ECF system                             ☒  Via USDC CM-ECF system
   ☐  Via U.S. Mail                                      ☐  Via U.S. Mail
15 ☐  Via Messenger                                      ☐  Via Messenger
   ☐  Via email: dholt@scheerlaw.com                     ☐  Via email: steve.jensen@jmblawyers.com
16 ☐  Via email: mstewart@scheerlaw.com                  ☐  Via email: gabe.baker@ jmblawyers.com

17 **Attorneys for Defendant Arch Specialty Insurance Company**    **Attorneys for Arch Specialty Insurance Company**

18 Christopher Nye                                       Sara M. Thorpe
   Reed McClure                                          Nicholaides Fink Thorpe Michaelides
19 1215 Fourth Avenue, Suite 1700                        Sullivan LLP
   Seattle, WA 98161                                     101 Montgomery Street, Suite 2300
20                                                       San Francisco, CA 94104

21 ☒  Via USDC CM-ECF system                             ☒  Via USDC CM-ECF system
   ☐  Via U.S. Mail                                      ☐  Via U.S. Mail
22 ☐  Via Messenger                                      ☐  Via Messenger
   ☐  Via email: cnye@rmlaw.com                          ☐  Via email: sthorpe@nicolaidesllp.com

23

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY                  Harper | Hayes PLLC
JUDGMENT AGAINST DEFENDANTS WESCO                       One Union Square
INSURANCE COMPANY AND UNITED SPECIALTY                  600 University Street, Suite 2420
INSURANCE COMPANY - 17                                  Seattle, Washington 98101
                                                        Telephone: 206-340-8010
                                                        Facsimile: 206-260-2852

| | |
|---|---|
| **Attorneys for Wesco Insurance Company** | **Attorneys for Endurance American Specialty Insurance Company** |

| | |
|---|---|
| Gregory S. Worden | James P. Murphy |
| John T. Bender | Tracy Y. Williams |
| Lane Ashley | Murphy Armstrong & Felton LLP |
| Lewis Brisbois Bisgaard & Smith LLP | 701 Millennium Tower |
| 1111 3rd Avenue, Suite 2700 | 719 Second Avenue |
| Seattle, WA 98101 | Seattle, WA 98104 |

| | |
|---|---|
| ☒ Via USDC CM-ECF system | ☒ Via USDC CM-ECF system |
| ☐ Via U.S. Mail | ☐ Via U.S. Mail |
| ☐ Via Messenger | ☐ Via Messenger |
| ☐ Via email: Gregory.worden@lewisbrisbois.com | ☐ Via email: jmp@maflegal.com |
| ☐ Via email: John.bender@lewisbrisbois.com | ☐ Via email: tyw@maflegal.com |
| ☐ Via email: Lane.ashley@lewisbrisbois.com | |

| | |
|---|---|
| **Attorneys for Seneca Specialty Insurance Company** | **Attorneys for Gemini Insurance Company** |

| | |
|---|---|
| Thomas Lether | Peter J. Mintzer |
| Eric Neal | Mark E Inbody |
| Lether & Associates, PLLC | Selman Breitman LLP |
| 1848 Westlake Ave. N. Suite 100 | 800 Fifth Avenue, Suite 4100 |
| Seattle, WA 98109 | Seattle, WA 98104 |

| | |
|---|---|
| ☒ Via USDC CM-ECF system | ☒ Via USDC CM-ECF system |
| ☐ Via U.S. Mail | ☐ Via U.S. Mail |
| ☐ Via Messenger | ☐ Via Messenger |
| ☐ Via email: tlether@letherlaw.com | ☐ Via email: pmintzer@selmanlaw.com |
| ☐ Via email: eneal@letherlaw.com | ☐ Via email: minbody@selmanlaw.com |

I further certify that, pursuant to Section III(M) of the *U.S. District Court Amended Electronic Filing Procedures*, I electronically delivered a proposed Order in Word format to the following judge's email:

**EMAIL ADDRESS**

CoughenourOrders@wawd.uscourts.gov

DATED *February 8, 2018* in Seattle, Washington.

*Nicole Plouf*
_____
Nicole Plouf

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS WESCO INSURANCE COMPANY AND UNITED SPECIALTY INSURANCE COMPANY - 18

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852