HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RUSHFORTH CONSTRUCTION CO., INC., d/b/a AP | RUSHFORTH, a Washington corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCH SPECIALTY INSURANCE COMPANY, a foreign insurance company; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, a foreign insurance company; SCOTTSDALE INSURANCE COMPANY, a foreign insurance company; JAMES RIVER INSURANCE COMPANY, a foreign insurance company; SENECA SPECIALTY INSURANCE COMPANY, a foreign insurance company; GEMINI INSURANCE COMPANY, a foreign insurance company; UNITED SPECIALTY INSURANCE COMPANY, a foreign insurance company; MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, a foreign insurance company; OHIO SECURITY INSURANCE COMPANY, a foreign | Case N. C17 -1063-JCCC<br><br>STIPULATED PROTECTIVE ORDER |

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
PAGE – 1

| | |
|---|---|
| 1 2 3 4 5 | insurance company; THE OHIO CASUALTY INSURANCE COMPANY, a foreign insurance company; NEW HAMPSHIRE INSURANCE COMPANY, a foreign insurance company; WESCO INSURANCE COMPANY, a foreign insurance company,, <br>                   Defendants. |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

- Claim file documents which reflect or refer to rate information, reserves, attorney-client privileged communications, or work product relating to the defense of Rushforth, and/or other competitive business information.
- Documents reflecting insurer procedures and guidelines.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
PAGE – 2

conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. A party's disclosure of confidential material pursuant to this agreement shall not waive such party's privileges, immunities, or protections that would otherwise apply to such material. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel), excess insurers, regulators, auditors, reinsurers, retrocessionaires, and brokers of the receiving party to whom disclosure is reasonably necessary, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
PAGE – 3

1    (d) the court, court personnel, and court reporters and their staff;

2    (e) copy or imaging services retained by counsel to assist in the duplication of
3    confidential material, provided that counsel for the party retaining the copy or imaging service
4    instructs the service not to disclose any confidential material to third parties and to immediately
5    return all originals and copies of any confidential material;

6    (f) during their depositions, witnesses in the action to whom disclosure is reasonably
7    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
8    A), unless otherwise agreed by the designating party or ordered by the court. Pages of
9    transcribed deposition testimony or exhibits to depositions that reveal confidential material must
10   be separately bound by the court reporter and may not be disclosed to anyone except as permitted
11   under this agreement;

12   (g) the author or recipient of a document containing the information or a custodian or
13   other person who otherwise possessed or knew the information;

14   (h)    any other party as required by law.

15   4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or
16   referencing such material in court filings, the filing party shall confer with the designating party
17   to determine whether the designating party will remove the confidential designation, whether
18   the document can be redacted, or whether a motion to seal or stipulation and proposed order is
19   warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the
20   standards that will be applied when a party seeks permission from the court to file material under
21   seal.

22   5.    <u>DESIGNATING PROTECTED MATERIAL</u>

23   5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or
24   non-party that designates information or items for protection under this agreement must take

1 care to limit any such designation to specific material that qualifies under the appropriate
2 standards. The designating party must designate for protection only those parts of material,
3 documents, items, or oral or written communications that qualify, so that other portions of the
4 material, documents, items, or communications for which protection is not warranted are not
5 swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) *Information in documentary form*: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
PAGE – 5

proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or

in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3      Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

//

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
PAGE – 7

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

## 10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may retain confidential material, while utilizing appropriate methods of maintaining the confidentiality of such material consistently with the requirements of this agreement.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 12, 2018

REED McCLURE

By: *s/Christopher J. Nye*
Christopher J. Nye, WSBA No. 29690
Attorney for Defendant Arch Specialty
Insurance Company

Dated: February 12, 2018

NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN, LLP

By: *s/Sara M. Thorpe*
Sara M. Thorpe, Bar No. 146529
Attorney for Defendant Arch Specialty
Insurance Company- *Pro Hac Vice*

Dated: February 12, 2018

HARPER | HAYES PLLC

By: *s/Gregory L. Harper*
Gregory L. Harper, WSBA No. 27311
Thomas M. Williams, WSBA No. 47654
Attorneys for Plaintiff, Rushforth
Construction Co.

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
PAGE – 9

Dated: February 12, 2018                    JERRY MOBERG & ASSOCIATES, P.S.


                                            By: *s/Kara R. Masters*
                                               Kara R. Masters, WSBA No. 23459
                                               Jerry Moberg, WSBA No. 5282
                                               Attorneys for Defendant, James River
                                               Insurance Co.


Dated: February 12, 2018                    WILSON SMITH COCHRAN &
                                            DICKERSON


                                            By: *s/John M. Silk*
                                               John M. Silk, WSBA No. 15035
                                               Lisa C. Neal, WSBA No. 25686
                                               Attorney for Defendants, Ohio Security
                                               Insurance Co. and The Ohio Casualty
                                               Insurance Co.


Dated: February 12, 2018                    SCHEER LAW GROUP LLP


                                            By: *s/Jonathan D. Holt*
                                               Jonathan Dirk Holt, WSBA No. 28433
                                               Kelsey L. Shewbert, WSBA No. 51214
                                               Attorneys for Defendant, United Specialty
                                               Insurance Co.


Dated: February 12, 2018                    LEWIS BRISBOIS BISGAARD &
                                            SMITH LLP


                                            By: *s/Gregory S. Worden*
                                               Gregory S. Worden, WSBA No. 24262
                                               John T. Bender, WSBA No. 49658
                                               Lane J. Ashley, Bar No. 073296-*Pro Hac Vice*
                                               Attorneys for Defendant, Wesco Insurance
                                               Company

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
PAGE – 10

| | |
|---|---|
| Dated: February 12, 2018 | JENSEN MORSE BAKER PLLC |
| | By: *s/Steven D. Jensen* |
| | Steven D. Jensen, WSBA No. 26495 |
| | Gabriel Baker, WSBA No. 28476 |
| | Attorneys for Defendant, New Hampshire Insurance Company |
| Dated: February 12, 2018 | LETHER & ASSOCIATES, PLLC |
| | By: *s/Thomas Lether* |
| | Thomas Lether, WSBA No. 18089 |
| | Eric Neal, WSBA No. 31863 |
| | Attorneys for Defendant, Seneca Specialty Insurance Company |
| Dated: February 12, 2018 | SELMAN BREITMAN LLP |
| | By: *s/Peter J. Mintzer* |
| | Peter J. Mintzer, WSBA No. 19995 |
| | Attorneys for Defendant, Gemini Insurance Company |
| Dated: February 12, 2018 | MURPHY ARMSTRONG & FELTON LLP |
| | By: *s/James P. Murphy* |
| | James P. Murphy, WSBA No. 18125 |
| | Tracy Y. Williams, WSBA No. 35239 |
| | Attorneys for Defendant, Endurance American Specialty Insurance Company |

//

//

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
PAGE – 11

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: February 14, 2018

*/s/ John C. Coughenour*
John C. Coughenour
United States District Court Judge

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
PAGE – 12

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ *Rushforth Construction Co., Inc. d/b/a AP | Rushforth v. Arch Specialty Insurance Company*, *et al*, Case No. 2:17-cv-1063-JCC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2018, I filed the following documents: (1) ***Stipulated Protective Order***; (2) and (this) ***Certificate of Service***, with the Clerk of the Court using the CM/ECF system and also send electronic notification to the following:

| | |
|---|---|
| Greg L Harper<br>Thomas M. Williams<br>Harper \| Hayes PLLC<br>600 University Street, Suite 2420<br>Seattle, WA 98101-1129<br>***Attorneys for Plaintiffs*** | Jonathan Dirk Holt<br>Kelsey L. Shewbert<br>Scheer Law Group LLP<br>701 Pike Street, Suite 2200<br>Seattle, WA 98101-2358<br>***Attorneys for United Specialty*** |
| John M. Silk<br>Lisa C. Neal<br>Sarah Eversole<br>Wilson Smith Cochran Dickerson<br>901 Fifth Ave., Suite 1700<br>Seattle, WA 98164-2050<br>***Attorneys for Ohio Security*** | Geoffrey J.M. Bridgman<br>Daniel F. Shickich<br>Ogden, Murphy, Wallace<br>1601 Fifth Ave., Suite 2100<br>Seattle, WA 98101-1686<br>***Attorneys for Scottsdale Ins. Co.*** |
| Kara R. Masters<br>Jerry Moberg<br>Jerry Moberg & Associates, P.S.<br>P.O. Box 130<br>Ephrata, WA 98823<br>***Attorneys for James River*** | Steven D. Jensen<br>Gabriel Baker<br>Jensen Morse Baker PLLC<br>216 First Ave. S, Suite 204<br>Seattle, WA 98104-2534<br>***Attorneys for New Hampshire Ins. Co.*** |
| Peter J. Mintzer<br>Selman Breitman, LLP<br>800 Fifth Ave., Suite 4100<br>Seattle, WA 98104-3100<br>***Attorneys for Gemini*** | Loretta Douglas<br>Selman Breitman<br>33 New Montgomery Street, Floor 6<br>San Francisco, CA 94105-4537<br>***Attorney for Gemini*** |
| Jonathan Dirk Holt<br>Scheer Law Group LLP<br>701 Pike Street, Suite 2200<br>Seattle, WA 98101-2358<br>***Attorney for Ohio Casualty*** | Gregory S. Worden<br>John T. Bender<br>Lewis Brisbois Bisgaard & Smith LLP<br>1111 Third Ave., Suite 2700<br>Seattle, WA 98101<br>***Attorneys for Wesco*** |
| Lane J. Ashley<br>Lewis, Brisbois, Bisgaard & Smith LLP | Sara M. Thorpe |

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
PAGE – 14

| | |
|---|---|
| 633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071<br>***Pro Hac Vice for Wesco*** | Nicolaides Fink Thorpe Michaelides Sullivan LLP<br>101 Montgomery Street, Suite 2300<br>San Francisco, CA 94101<br>***Pro Hac Vice Counsel for Arch Specialty*** |
| James P. Murphy<br>Tracy Y. Williams<br>Murphy Armstrong & Felton LLP<br>701 Millennium Tower<br>719 Second Avenue<br>Seattle, WA 98104<br>***Attorneys for Endurance American Specialty Ins. Co.*** | Thomas Lether<br>Eric Neal<br>Lether & Associates<br>1848 Westlake Ave. N, Suite 100<br>Seattle, WA 98109<br>***Attorneys for Seneca Specialty Ins. Co.*** |

Executed at Seattle, Washington this 12th day of February, 2018.

---

Rebecca C. Lewis
Legal Secretary
Reed McClure
1215 Fourth Avenue, Suite 1700
Seattle, WA 98161-1087
Tel: (206) 292-4900
Fax: (206) 223-0152
Email:

STIPULATED PROTECTIVE ORDER
C17-1063-JCC
Page – 15