THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSHFORTH CONSTRUCTION CO., INC/ d/b/a AP RUSHFORTH, a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WESCO INSURANCE COMPANY, a foreign insurance company, *et al.*,<br><br>Defendant. | CASE NO. C17-1063-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for partial summary judgment against Defendant Wesco Insurance Company ("Wesco")[1] (Dkt. No. 79), Wesco's motion to continue (Dkt. No. 83), and Wesco's cross-motion for summary judgment (Dkt. No. 86). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion (Dkt. No. 79) and DENIES Wesco's motions (Dkt. Nos. 83, 86) for the reasons explained herein.

I.  **BACKGROUND**

Plaintiff Rushforth Construction Company brings suit against twelve insurers for

---

[1] Plaintiff originally filed this motion against Defendant United Specialty Insurance Company as well, but withdrew the motion as to that defendant. (Dkt. No. 96.)

ORDER
C17-1063-JCC
PAGE - 1

inadequate defense and indemnification in an underlying lawsuit. (Dkt. No. 1 at 4–7.) Plaintiff served as the general contractor on the Lake Hills Village Project. (*Id*. at 7.) Wesco insured Sound Glass Sales, Inc. ("Sound Glass"), a subcontractor on the project. (Dkt. No. 86 at 2.) Plaintiff was an "additional insured" under Sound Glass's Wesco policy. (*Id*.) On October 28, 2015, Lake Hills sued Plaintiff for defective construction and subsequent damage. (Dkt. No. 1 at 8.) Lake Hills filed an amended complaint on June 20, 2015. (Dkt. No. **7**2 at 20.)

On July 1, 2016, Plaintiff tendered its defense and demand for indemnity to Wesco. (Dkt. No. 73 at 7.) Wesco's third-party claim administer opened a claim, set reserves, and began gathering information. (Dkt. No. 86 at 4.) Wesco requested, and Plaintiff provided, additional information in August 2016. (*Id*.) Wesco prepared a draft reservation of rights letter ("ROR") on or around September 1, 2016. (Dkt. No. 74 at 10.) The ROR was ready for approval and issuance by September 23, 2018 but was not issued at that time. (*Id*.) Over the next ten months, Plaintiff sent Wesco four letters requesting a coverage position. (Dkt. Nos. 79 at 5, 86 at 4) (letters dated November 11, 2016, January 18, 2017, March 7, 2017, March 24, 2017). Upon receipt of these letters, Wesco's adjuster internally requested approval of the ROR, but Wesco neither issued the ROR nor replied to Plaintiff's inquiries. (*See* Dkt. Nos. 79 at 6, 74 at 22, 74 at 7, 86 at 4.) On March 8, 2017, Wesco's adjuster revised and resubmitted the ROR to be finalized. (Dkt. No. 86 at 4.) Wesco took no further action at the time.

Plaintiff filed suit against Wesco on July 13, 2017. (Dkt. No. 1.) On July 26, 2017, Wesco finalized and mailed the ROR, agreeing to defend Plaintiff. (Dkt. No. 73 at 10.) Plaintiff rejected Wesco's offer of defense on August 18, 2017. (Dkt. No. 74 at 22.) On October 27, 2017, Wesco advised Plaintiff that its offer to defend stood, and that it would pay its proportionate share of Plaintiff's expenses incurred to date. (Dkt. No. 86 at 5.) Wesco subsequently informed Plaintiff of its position that it had a right to participate in Plaintiff's defense. (*Id*.) Plaintiff again declined the proffered defense. (*Id*.)

Plaintiff brings claims against Wesco for declaratory relief, breach of contract, insurer

bad faith, insurer negligence, and violation of Washington's Consumer Protection Act. (Dkt. No. 1 at 31–38.) Plaintiff seeks partial summary judgment on the following elements of these claims: (1) whether Wesco owed and breached its duty to defend; (2) whether Wesco acted in bad faith; and (3) whether Wesco can cure its breach by offering a belated defense. (Dkt. No. 79 at 3.) In response, Wesco moves to continue Plaintiff's motion until discovery is completed. (Dkt. No. 83.) Wesco also cross-moves for summary judgment (Dkt. No. 86).

## II. DISCUSSION

### A. Wesco's Motion to Continue

As an initial matter, the Court finds it unnecessary to continue Plaintiff's motion for summary judgment. Wesco requests a continuance in order to complete discovery and obtain information related to harm, causation, and damages. (Dkt. No. 83 at 5.) However, Wesco has not shown how the facts it seeks are essential to its opposition of Plaintiff's motion, which explicitly excludes elements of harm, causation, and damages. (*See* Dkt. Nos. 94 at 5–6, 102 at 3); Fed. R. Civ. P. 56(d) (party seeking continuance of summary judgment motion must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). The Court will not rule on elements of Plaintiff's claims not addressed by its motion.[2] Accordingly, Wesco's motion to continue is DENIED.

### B. Plaintiff's Motion for Partial Summary Judgment

The Court may grant summary judgment on part of a claim or defense where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for partial summary judgment is properly made and supported, the opposing party must present specific facts showing that there

---

[2] Finding Wesco's motion substantively deficient, the Court will not address the procedural deficiencies of Wesco's motion to continue. (*See* Dkt. No. 94 at 3–4.)

is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to find for the non-moving party. *Anderson*, 477 U.S. at 248–49. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

1. Breach of Duty to Defend

Plaintiff first moves for a determination that Wesco breached its duty to defend. Wesco does not contest that it had a contractual duty to defend Plaintiff. (*See* Dkt. No. 86 at 4.) However, Wesco maintains it did not breach this duty because it never denied Plaintiff's tender and eventually offered to defend Plaintiff. (*Id*. at 5, 7.)

An insurer's duty to defend is triggered by the filing of a covered complaint. *Griffin v. Allstate Ins. Co.*, 29 P.3d 777, 781 (Wash. Ct. App. 2001). This duty includes the obligation to provide a "prompt and proper defense." *N.H. Indem. Co., Inc. v. Budget Rent-A-Car Sys., Inc.*, 64 P.3d 1239, 1243 (Wash. 2003). An insurer may breach its duty to defend by failing to respond to an insured's tender in a reasonably timely manner. Allan Windt, INSURANCE CLAIMS AND DISPUTES § 2:4 (6th ed. 2018) (collecting cases); *see Cedar Grove Composting, Inc. v. Ironshore Specialty Ins. Co.*, Case. No. C14-1443-RAJ, slip op. at *6 (W.D. Wash. June 2, 2015) ("refusal to pay a demand for coverage reasonably promptly is [a] . . . denial of benefits"). An offer to defend after an initial denial does not erase an insurer's breach of its duty to defend. *Jaco Envtl., Inc. v. Am. Intern. Specialty Lines Ins. Co*., C09-0145-JLR, slip op. at *6 (W.D. Wash. May 19, 2009). The Court finds no reason to treat a constructive denial through failure to respond to Plaintiff's tender any differently.

Construing all facts in favor of Wesco, the Court finds the insurer failed to provide a prompt and proper defense. Wesco owed Plaintiff a duty to defend no later than June 20, 2016, when the amended complaint was filed in the underlying action. Wesco did not offer to defend

Plaintiff until July 26, 2017—over a year later and after Plaintiff brought suit. (Dkt. Nos. 1, 73 at 10.) Wesco owed and breached its duty to defend Plaintiff.[3]

### 2. Right and Opportunity to Cure[4]

Plaintiff next asks the Court to rule that Wesco did not have a right to cure its breach. (Dkt. No. 79 at 14.) Wesco counters that its offer of a defense cured any breach, and Plaintiff's contractual duty to "cooperate in the . . . defense of any covered claim" obligated it to accept Wesco's belated defense. (Dkt. Nos. 79 at 14; 86 at 3, 8; 102 at 2.)

Insurance policies in Washington are governed under contract law. *Weyerhaeuser Co. v. Comm. Union Ins. Co.*, 167 P.3d 1125, 1131 (Wash. 2007). It is a basic tenant of contract law that when a party materially breaches a contract, the non-breaching party is discharged from its contractual obligations. Windt, *supra*, at § 3:10. Accordingly, an insured is discharged from the contractual duty to cooperate when its insurer has materially breached its duty to defend. *Id.* at § 4:25. This is true even if its insurer later offers a defense. *Id.* at § 4:9. While Washington state courts have yet to specifically address the issue, this district has endorsed this approach. *2FL Ent., LLC v. Houston Specialty Ins. Co.*, Case No. C17-0676-MJP, slip op. at *4 (W.D. Wash. Feb. 5, 2018) (citing with approval cases from other jurisdictions holding that an insurer in breach of its duty to defend loses the right to control its insured's defense); *Tim Ryan Const., Inc. v. Burlington Ins. Co.*, Case. No. C12-5770-BHS, slip op. at *7 (W.D. Wash. Apr. 25, 2013) (insured is "simply not required" to allow insurer to step in and defend it once the insurer

---

[3] The Court does not reach a judgment on Plaintiff's breach of contract claim. Plaintiff's motion is confined to the issues of duty and breach and does not encompass the elements of harm or causation. (*See* Dkt. Nos. 94 at 5–6, 102 at 3.)

[4] Defendants Ohio Security Insurance Company and the Ohio Casualty Insurance Company (collectively "Ohio") filed an opposition to Plaintiff's motion, framing the "right to cure" issue as "whether the element of 'harm' required for an extracontractual claim . . . is satisfied even if other insurers were defending the insured." (Dkt. No. 89 n. 1.) The Court does not reach this question but addresses only Wesco's purported right to assume a belated defense.

breached its duty to defend).[5] Therefore, if Wesco's breach was material, Plaintiff was released from its duty to cooperate.

A breach is material if it "substantially defeats the purpose of the contract." *Park Ave. Condo. Owners Ass'n v. Buchan Devs. LLC*, 71 P.3d 692, 698 (Wash. Ct. App. 2003). A prompt litigation defense is one of the main benefits of an insurance contract. Windt, *supra* at § 2:21 ("a substantial part of the protection purchased by an insured is the right to receive policy benefits promptly"); *N.H. Indem. Co*, 64 P.3d at 1243 (duty to defend includes an obligation to provide a prompt defense).

The materiality of a breach is a case-specific determination. *Vacova Co. v. Farrell*, 814 P.2d 255, 265 (Wash. Ct. App. 1991). A breaching party's willingness to "cure its failures" may be considered, but is not alone dispositive. 6A Wash. Prac., WASH. PATTERN JURY INSTR. CIV. 302.03 (6th ed.). Other relevant factors include: deprivation of a reasonably expected benefit; whether the injured party can be adequately compensated; whether the breaching party will suffer forfeitures; and whether the parties' behavior comports with good faith standards. *Id*.

Although materiality is typically a question of fact, the Court may determine a breach is material if reasonable minds could not find otherwise. *Id*.; *Smith v. Safeco Ins. Co.* 78 P.3d 1274, 1277 (Wash. 2003)*.* Weighing the above factors and the centrality of a prompt defense to an insurance contract, the Court finds that Wesco materially breached its insurance contract as a matter of law by failing to make a coverage determination for over a year and doing so only after Plaintiff filed suit. *Accord Travelers Indem. Co. of Conn. v. Centex Homes*, Case No. C11-03638-SC, slip op. at *4, (N.D. Cal. Oct. 7, 2015) (insurer lost the right to control insured's defense where it failed to provide a defense within 30 days of the triggering of its duty to

---

[5] Wesco's attempt to distinguish these holdings as limited to bad faith refusals to defend is unavailing. (Dkt. No. 106 at 3.) Neither case based the discharge of the insured's contractual duties on bad faith. Furthermore, failure to promptly respond to a demand for coverage can constitute a constructive refusal to defend. *See supra*, Section C.1.

ORDER
C17-1063-JCC
PAGE - 6

defend). Thus, Wesco did not have a right to provide a belated defense.[6]

Wesco fails to convince the Court that an insurer's continuing *duty* to defend after a material breach gives it the *right* to defend. (*See* Dkt. No. 86 at 8.) Cases Wesco cites in support of a "right to cure" establish only that an insured may expect its insurer to cure a breach of its duty to defend any time before a final judgment. *See Tibbs v Great Am. Ins. Co.*, 755 F.2d 1370, 1375–76 (9th Cir. 1985) (thus, statute of limitations on breach claim is not triggered until final judgment issues); *Jones v. Hyatt Ins.*, 741 A.2d 1099, 1104 (Md. Ct. App. 2017) (same); *Vigilant Ins. Co. v. Luppino*, 723 A.2d 14, 19 (Md. Ct. App. 1999) (same). These holdings are based on the principle that a continuing breach gives the non-breaching party the option to sue or to allow the breaching party to cure. *See Oil Base, Inc. v. Cont'l Cas. Co.*, 271 Cal. App. 2d 378, 390 (Cal. Ct. App. 1969); *Campbell v. Hauser Lumber Co.*, 265 P. 468, 470 (Wash. 1928). Thus, Plaintiff had the *option* of allowing Wesco to assume a defense, but was not *required* to do so.

Wesco cannot cure its breach by forcing Plaintiff to accept a belated defense.

### 3. Bad Faith Action

Finally, Plaintiff asks the Court to rule that Wesco's conduct breached its duty of good faith as a matter of law. (Dkt. No. 79 at 5). An insurer acts in bad faith if its actions are "unreasonable, frivolous, or unfounded." *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 668 (Wash. 2008). Bad faith does not require intentional misrepresentation or fraud. *Tyler v. Grange Ins. Ass'n*, 473 P.2d 193, 198 (Wash. Ct. App. 1970). To establish bad faith based on delay, an insured must show that the delay was "delayed for a frivolous and unfounded

---

[6] There is no legal basis for Wesco's assertion that the reciprocal duty of good faith requires an insured to accept its insurer's belated defense offered any time before the close of litigation. (*See* Dkt. No. 86 at 10.) (citing Wash. Rev. Code 48.01.060). Such a rule would run counter to the established principles of contract law discussed above and Washington insurance law, which is structured to incentivize an insurer's prompt defense. *See* 35 Wa. Prac., Washington Insurance Law and Litigation § 3:1 (2017-2018 ed.); Wash. Admin. Code § 284-30-330(2).

reason." *Rizzuti v. Basin Travel Serv. of Othello, Inc.*, 105 P.3d 1012, 1021 (Ct. App. Wash. 2005). Failure to promptly respond to a demand for coverage can constitute an unreasonable denial of benefits, even if the insurer eventually offers coverage. *Cedar Grove Composting, Inc.*, Case. No. C14-1443-RAJ at *6. "Whether an insurer acted in bad faith is a question of fact," which can be decided on summary judgment only if reasonable minds could not differ in finding the insurer's conduct unreasonable. *Smith v. Safeco Ins. Co.* 78 P.3d 1274, 1277 (Wash. 2003).

The Court finds reasonable minds could not differ that Wesco's delay was frivolous and unfounded. After receiving Plaintiff's tender in July 2016, Wesco opened a claim, set reserves, and gathered information; in September, the insurer prepared an ROR. (Dkt. Nos. 86 at 4, 74 at 10.) Plaintiff presents evidence that Wesco then failed to act on the claim for ten months—save for an internal revision to the ROR in March 2017. (Dkt. No. 79 at 6.) Over this period, Plaintiff sent Wesco four letters inquiring about the status of the claim. (Dkt. Nos. 79 at 5, 86 at 4.) Email records show that an adjuster sent internal email inquiries about the status of the claim, but Wesco took no further action until after Plaintiff filed suit. (*Id*.) Viewing this evidence in the light most favorable to Wesco, these facts indicate at best an unfounded lack of attention to its insureds' claims. An insurer can offer a reasonable basis for its delay as significant evidence that it did not act in bad faith. *See Smith*, 78 P.3d at 1278. However, Wesco provides no specific facts to supply a reasonable basis for its delay that would allow it to survive summary judgment. *See Matsushita Elec. Indus.*, 475 U.S. at 587.

Instead, Wesco insinuates through legal argument that its delay was due to an unspecified "technical mistake," which does not amount to bad faith. (Dkt. Nos. 86 at 13, 106 at 2.) A good faith mistake does not give rise to a bad faith claim if the insurer "acts honestly, bases its decision on adequate information, and does not overemphasize its own interest." *Werlinger v. Clarendon Nat. Ins. Co.* 120 P.3d 593, 595 (Wash. Ct. App. 2005). Wesco likens this case to *Highlands Insurance Company*, where an insurer's delay due to "clumsiness" was not bad faith. *Ins. Co. of State of Pa. v. Highlands Ins. Co*., 801 P.2d 284, 286–87 (Wash. Ct. App. 1990).

However, the insurer in *Highlands* delayed due to attempts to resolve a coverage issue, which the court found "mistaken or clumsy" but not "frivolous or unfounded." *Id*. In contrast, Wesco provides no justification or basis for its asserted mistake. Wesco overemphasized its own interest when it ignored Plaintiff's tender and repeated inquiries, failing to prioritize its insured's interests. Even if unintentional, Wesco's unjustified actions were in bad faith. *See Whistman v. W. Am. of Ohio Cas. Grp. of Ins. Cos.,* 686 P.2d 1086, 1088 (Wash. Ct. App. 1984) (insurer actions without reasonable justification are done without good faith).[7]

The Court finds that Wesco acted in bad faith as a matter of law.[8]

**C.    Wesco's Cross-Motion**

Wesco moves for summary judgment on the basis that: (1) Plaintiff improperly rejected Wesco's defense, and (2) Wesco did not act in bad faith. (Dkt. No. 86 at 2.) In the alternative, Wesco asks the Court to limit any damages to Wesco's proportionate share of defense costs. (*Id*.)

   1. Motion for Summary Judgment on Plaintiff's Claims

Wesco first argues that the Court should dismiss Plaintiff's claims because Wesco offered to defend Plaintiff, and Plaintiff improperly rejected that defense and refused to cooperate. (Dkt. No. 86 at 5.) Having found Plaintiff had no duty to accept Wesco's belated offer of defense, the Court will not grant summary judgment on these bases. *See supra*, Section B.2.

In the alternative, Wesco moves for summary judgment on Plaintiff's bad faith claim. (Dkt. No. 86 at 5.) The Court has already concluded that Wesco acted in bad faith. *See supra*, Section B.3. Wesco argues that because it cured its breach by offering a defense, Plaintiff cannot

---

[7] Violations of Washington's insurance regulations provide additional "evidence of bad faith." *Seaway Props., LLC v. Fireman's Fund Ins. Co.*, 16 F. Supp. 3d. 1240, 1253 (W.D. Wash. 2014); Wash. Admin. Code § 284-30-330(2),(5) (insurers must "acknowledge and act reasonably promptly upon communications with respect to [insurance claims]" and "affirm or deny coverage of claims within a reasonable time").

[8] The Court does not find here that Wesco is liable for the tort of bad faith. Harm is an essential element of a suit for bad faith handling of an insurance claim. *Safeco Ins. Co. v Butler*, 823 P.2d 499, 503 (Wash. 1992). This issue is not addressed here. (*See* Dkt. No. 102 at 3).

1 show the additional element of harm. (Dkt. No. 86 at 13.) The Court has rejected Wesco's right
2 to cure argument and concluded that Wesco acted in bad faith—triggering a presumption of
3 harm. *See supra*, section B. Thus, the Court finds a genuine dispute of fact exists regarding
4 Plaintiff's harm, precluding summary judgment on Plaintiff's bad faith claim.

                2. <u>Motion for Limitation of Plaintiff's Damages</u>

Finally, asks the Court to limit Plaintiff's damages to Wesco's proportionate share of defense costs. (Dkt. No. 86 at 14.) Wesco's indemnity obligation[9] and Plaintiff's harm[10] are both disputed and not properly before the Court on the present cross-motions. Thus, the Court finds it premature to limit Wesco's damages at this time.[11] *See Ledcor Indus. (USA) Inc. v. Mut. of Enumclaw Ins. Co.*, 206 P.3d 1255, 1259, 1261–62 (Wash. Ct. App. 2009) (limiting damages for a bad faith breach of duty to defend where insurer had satisfied duty to indemnify and the court found Plaintiff suffered no harm from the breach).

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for partial summary judgment (Dkt. No. 79) is GRANTED and Wesco's motion to continue (Dkt. No. 83) and cross-motion for summary judgment (Dkt. No. 86) are DENIED.

//
//
//
//
//

---

[9] Wesco's Answer denies an indemnity obligation. (Dkt. Nos. 1 at ¶157, 45 at ¶ 27)

[10] The Court notes that Plaintiff's motion expressly excluded the issue of harm, and Wesco represented at the time it filed its cross-motion it had not completed discovery on this issue. (*See* Dkt. Nos. 94 at 5–6, 86 at 16.)

[11] Similarly, the Court finds it premature to rule on whether *Olympic Steamship* fees are appropriate as this issue has not been fully briefed by the parties. *See Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 811 P.2d 673 (Wash. 1991).

DATED this 3rd day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE